UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

TYRON DUMEL,
    a/k/a "Boogie," and

NICOLE DUMEL,

          Defendants.

**SEALED INDICTMENT**

26 Cr.  88

## COUNT ONE
### (Sex Trafficking by Force, Fraud, or Coercion)
### (TYRON DUMEL, a/k/a "Boogie")

The Grand Jury charges:

### Overview

1. From at least in or about August 2025 through at least in or about February 2026, TYRON DUMEL, a/k/a "Boogie," and NICOLE DUMEL, the defendants, conspired to traffic women to engage in prostitution (the "DUMEL Trafficking Operation").

2. As part of the DUMEL Trafficking Operation, and in furtherance thereof, TYRON DUMEL, the defendant, transported at least ten women to locations in New York, New Jersey, Connecticut, Arizona, Tennessee, and Michigan, among other places, to engage, at his direction and under his supervision, in commercial sex. Also as part of the DUMEL Trafficking Operation, and in furtherance thereof, NICOLE DUMEL, the defendant, agreed, among other things, to (i) set up an online account that TYRON DUMEL used to post commercial sex advertisements; (ii) edit digital photographs of at least one female commercial sex worker for the purpose of creating commercial sex advertisements; and (iii) receive electronic funds transfers from purchasers of commercial sex to accounts controlled by NICOLE DUMEL and route such funds to accounts

controlled by NICOLE DUMEL and TYRON DUMEL. From in or about August 2025 through in or about February 2026, NICOLE DUMEL received thousands of dollars in proceeds from commercial sex acts conducted as part of the DUMEL Trafficking Operation.

3. The DUMEL Trafficking Operation advertised commercial sex on social media. On or about September 14, 2025, TYRON DUMEL, the defendant, created an account on a popular social media platform ("Social Media Account-1"). From on or about September 14, 2025 through in or about February 2026, TYRON DUMEL used Social Media Account-1 to share numerous videos in which—in both the videos themselves and the associated captions and comments—he discussed his involvement in sex trafficking and prostitution. In addition to using Social Media Account-1 to share such videos, TYRON DUMEL used Social Media Account-1, as part of the DUMEL Trafficking Operation, to recruit women to engage in commercial sex.

4. For example, in or around December 2025, TYRON DUMEL used Social Media Account-1 to recruit a woman ("Victim-1"), who subsequently traveled to New York state to engage in commercial sex on behalf of TYRON DUMEL. From in or about December 2025 through in or about February 2026, TYRON DUMEL repeatedly transported Victim-1 to locations in the vicinity of Rockland County, New York, Bergen County, New Jersey, and Fairfield County, Connecticut, among other places, to engage commercial sex at his direction.

5. TYRON DUMEL and NICOLE DUMEL, the defendants, exercised control over the sex trafficking proceeds generated by Victim-1 and others. When commercial sex customers sought to pay for commercial sex via electronic funds transfer, TYRON DUMEL required Victim-1 and others to direct those customers to transfer funds to accounts controlled by TYRON DUMEL and NICOLE DUMEL. When commercial sex customers sought to pay for commercial sex with cash, TYRON DUMEL required Victim-1 and others to provide the cash proceeds to him at regular

2

intervals. TYRON DUMEL used the proceeds of the DUMEL Trafficking Operation to pay for expenses essential to the operation, such as hotel rooms and food for Victim-1 and others, while TYRON DUMEL and NICOLE DUMEL kept nearly all of the profits for themselves.

6.     From at least in or about December 2025 through at least in or about February 2026, TYRON DUMEL, the defendant, used force, threats of force, fraud, and coercion to cause Victim-1 and others to engage in commercial sex acts. In furtherance of the DUMEL Trafficking Operation, TYRON DUMEL physically assaulted Victim-1 and others, threatened to cause physical harm to Victim-1 and others, sprayed Victim-1 and others with oleoresin capsicum, *i.e.*, "pepper spray," forced Victim-1 and others to engage in sexual intercourse with him, required Victim-1 and others to tattoo their bodies with his personal "brand," used his control of the proceeds of the DUMEL Trafficking Operation to coerce Victim-1 and others to accede to his demands by withholding, and threatening to withhold, food, and lied to Victim-1 and others concerning the whereabouts of the proceeds of the DUMEL Trafficking Operation.

### Statutory Allegations

7.     From at least in or about December 2025 through at least in or about February 2026, in the Southern District of New York and elsewhere, TYRON DUMEL, a/k/a "Boogie," the defendant, knowingly, in and affecting interstate and foreign commerce, recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, and solicited by any means a person, and benefited, financially and by receiving a thing of value, from participation in a venture, which has engaged in an act described in Title 18, United States Code, Section 1591(a)(1), knowing, and in reckless disregard of the fact, that means of force, threats of force, fraud, and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause the person to engage in a commercial sex act,

3

to wit, DUMEL knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, and solicited Victim-1, and caused Victim-1 to engage in at least one commercial sex act, knowing and in reckless disregard of the fact that Victim-1 was engaging in the commercial sex act as a result of force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a) and (b)(1).)

## COUNT TWO
### (Transportation of Individuals to Engage in Prostitution)
### (TYRON DUMEL, a/k/a "Boogie")

The Grand Jury further charges:

8.     Paragraphs 1 through 6 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

9.     From at least in or about December 2025 through at least in or about February 2026, in the Southern District of New York and elsewhere, TYRON DUMEL, a/k/a "Boogie," the defendant, knowingly transported an individual in interstate commerce with intent that such individual engage in prostitution, and attempted to do so, to wit, DUMEL transported Victim-1 in interstate commerce on multiple occasions with the intent that Victim-1 engage in prostitution.

(Title 18, United States Code, Section 2421(a).)

## COUNT THREE
### (Conspiracy to Transport Individuals to Engage in Prostitution)
### (TYRON DUMEL, a/k/a "Boogie," and NICOLE DUMEL)

The Grand Jury further charges:

10.     Paragraphs 1 through 6 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

11.     From at least in or about August 2025 through at least in or about February 2026, in the Southern District of New York and elsewhere, TYRON DUMEL, a/k/a "Boogie," and

4

NICOLE DUMEL, the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit an offense against the United States, to wit, transportation of an individual to engage in prostitution, in violation of Title 18, United States Code, Section 2421(a).

12.     It was a part and object of the conspiracy that TYRON DUMEL, a/k/a "Boogie," and NICOLE DUMEL, the defendants, and others known and unknown, would and did knowingly transport an individual in interstate commerce with intent that such individual engage in prostitution, to wit, TYRON DUMEL, NICOLE DUMEL, and others known and unknown, conspired to transport women to locations in New York, New Jersey, and Connecticut, among other places, to engage in prostitution.

Overt Acts

13.     In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.      In or about August 2025, NICOLE DUMEL, the defendant, at the direction of TYRON DUMEL, the defendant, created an online account on a commercial sex advertising website ("Advertising Website-1").

b.      In or about September 2025, at TYRON DUMEL's direction, NICOLE DUMEL edited digital photographs intended for use in a commercial sex advertisement on Advertising Website-1.

c.      Between in or about August 2025 and in or about December 2025, TYRON DUMEL posted numerous advertisements to Advertising Website-1 advertising commercial sex in the vicinity of New York and New Jersey.

5

d.      Between in or about August 2025 and in or about February 2026, TYRON DUMEL booked hotel rooms at locations in the Southern District of New York, New Jersey, and Connecticut, among other places, and transported women to those locations to engage in prostitution.

e.      In or about September 2025, NICOLE DUMEL received and sent funds that TYRON DUMEL used to transport a woman in interstate commerce to engage in prostitution.

f.      Between in or about August 2025 and in or about February 2026, NICOLE DUMEL regularly received electronic funds transfers from customers of the DUMEL Trafficking Operation and, at the direction of TYRON DUMEL, routed those funds to accounts controlled by NICOLE DUMEL and TYRON DUMEL.

(Title 18, United States Code, Section 371.)

### FORFEITURE ALLEGATION

14.     As a result of committing the offense alleged in Count One of this Indictment, TYRON DUMEL, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1594, any and all property, real and personal, involved in, used, or intended to be used to commit or to facilitate the commission of said offense; any and all property, real and personal, constituting or derived from proceeds obtained, directly or indirectly, as a result of said offense; and any and all property traceable to such property,  including but not limited to a sum of money in United States currency representing the amount of property involved in said offense and proceeds traceable to the commission of said offense.

15.     As a result of committing the offense alleged in Count Two of this Indictment, TYRON DUMEL, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2428, any and all property, real and personal, constituting or derived from

6

proceeds obtained, directly or indirectly, as a result of said offense; and any and all property, real or personal, that was used or intended to be used to commit or facilitation the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

16.    As a result of committing the offense alleged in Count Three of this Indictment, TYRON DUMEL and NICOLE DUMEL, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2428, any and all property, real and personal, constituting or derived from proceeds obtained, directly or indirectly, as a result of said offense; and any and all property, real or personal, that was used or intended to be used to commit or facilitation the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

**Substitute Assets Provision**

17.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

        a.    cannot be located upon the exercise of due diligence;

        b.    has been transferred or sold to, or deposited with, a third person;

        c.    has been placed beyond the jurisdiction of the Court;

        d.    has been substantially diminished in value; or

        e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 1594;
Title 18, United States Code, Section 2428
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

FOREPERSON

JAY CLAYTON
United States Attorney

8